**NOT FOR PUBLICATION**

FILED

OCT 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10048 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-00269-MCE-1 |
| v. | |
| JAMES PRATT, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted October 18, 2017[**]
San Francisco, California

Before: THOMAS, Chief Judge, WALLACE, and CALLAHAN, Circuit Judges.

James Pratt appeals from the district court's judgment of conviction,

challenging the denial of his motion to suppress evidence obtained during a traffic

stop of his vehicle. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirm. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

We review a district court's decision to deny a motion to suppress de novo, and we review the underlying factual findings for clear error. *United States v. Bynum*, 362 F.3d 574, 578 (9th Cir. 2004). Whether officers have reasonable suspicion to make an investigative traffic stop is a mixed question of law and fact we review de novo. *United States v. Choudhry*, 461 F.3d 1097, 1100 (9th Cir. 2006). We affirm.

I

The district court properly denied Pratt's suppression motion. Its factual findings were not clearly erroneous, and it properly concluded that the traffic stop was founded on reasonable suspicion.

A

The district court did not clearly err in finding Pratt was speeding in a construction zone. The district court's findings that the interstate highway was under construction, had a reduced speed limit, and that Pratt exceeded the speed limit are supported by the record. The officer's in-dash video depicted construction cones closing off one lane of the highway, as well as a Department of Transportation sign announcing the interstate was under construction. Department

2

of Transportation traffic logs indicated the highway was under construction and had a reduced speed limit of 55 mph at the time Pratt was pulled over. The officer's radar indicated Pratt was driving 65 mph.

B

The traffic stop was reasonable under the Fourth Amendment because it was supported by reasonable suspicion. *United States v. Twilley*, 222 F.3d 1092, 1095 (9th Cir. 2000) ("Under the Fourth Amendment, government officials may conduct an investigatory stop of a vehicle only if they possess "reasonable suspicion . . . ."). The officer relied on specific observations to determine Pratt violated California law, which prohibits speeding on any highway under construction or where Department of Transportation agents are performing road work. Cal. Vehicle Code § 22363. Based on his observations, the officer reasonably believed the interstate was part of a construction zone and Pratt was exceeding the speed limit. Any mistake as to that belief would be a reasonable mistake of fact given the circumstances, and a reasonable mistake of fact does not undermine a reasonable suspicion determination. *Heien v. North Carolina*, 135 S. Ct. 530, 536 (2014). The district court properly determined the officer had reasonable suspicion to stop Pratt for a traffic violation and did not err in denying Pratt's motion to suppress.

**AFFIRMED.**